J. Christopher Jensen (jcj@cll.com)
Jonathan Z. King (jzk@cll.com)
Eric J. Shimanoff (ejs@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue Of The Americas
New York, New York  10036-6799
(212) 790-9200
Attorneys for Plaintiff
ATLANTIS INFORMATION TECHNOLOGY, GmbH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

ATLANTIS INFORMATION TECHNOLOGY, GmbH

                Plaintiff,

  -against-

CA, INC.

                Defendant.

Civil Action No.
06-CV-3921(JS)(WDW)

**PLAINTIFF'S RULE 56.1 STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT DISMISSING DEFENDANT'S COUNTERCLAIM AND AFFIRMATIVE DEFENSE FOR BREACH OF CONTRACT**

---------------------------------------------------------------- x

Pursuant to Local Civil Rule 56.1, Plaintiff Atlantis Information Technology, GmbH ("Plaintiff" or "Atlantis") respectfully submits this statement of undisputed material facts in support of its motion for partial summary judgment on Defendant CA, Inc.'s ("Defendant" or "CA") affirmative defense and counterclaim for breach of contract.

THE PARTIES

1.      Atlantis is a corporation organized under the laws of the Federal Republic of Germany, with its principal place of business in Wangen, Germany.  Declaration of J. Christopher Jensen in Support of Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defense and Counterclaim for Breach of Contract, dated November 12,

2010 ("Jensen Decl.") Exhs. A [Plaintiff's Amended Complaint dated August 21, 2006 ("Complaint") ¶ 7 ] & B [CA's Amended Answer to Amended Complaint and Counterclaims, dated July 13, 2009 ("Answer") ¶ 7].

2. Atlantis has developed, licensed, maintained and supported a line of computer software programs sold under the name Endevor for Natural or "E/NAT" that run only on large mainframe computers (the "E/NAT Products"). Id. Exhs. A [Complaint ¶ 11] & B [Answer ¶ 11].

3. Defendant CA, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Islandia, New York. Id. Exhs. A [Complaint ¶ 8] & B [Answer ¶ 8].

4. As part of its business, CA licenses software from third party developers such as Atlantis, and then sublicenses and distributes such software to its customers. Id.

5. According to its website, CA is one of the world's largest providers of management software, with approximately 13,200 employees worldwide and over $4.27 billion in revenue in fiscal year 2009. Id. Exh. C [CA's website located at http://www.ca.com].

## THE E/NAT SOFTWARE PROGRAM

6. The E/NAT products are software programs that provide an interface between a CA software product called Endevor and NATURAL/PREDICT software products made by a German company called Software AG. Declaration of Alexander Gaugler in Support of Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defense and Counterclaim for Breach of Contract, dated November 15, 2010 ("Gaugler Decl.") ¶ 4; Jensen Decl. Exhs. A [Complaint ¶ 11] & B [Answer ¶ 11].

7. Endevor is a mainframe computer software program that is licensed by CA to its

customers. Endevor is a software change manager program that is used to automate and control an organization's software development process. Jensen Decl. Exh. C [CA's website located at http://www.ca.com].

8. The E/NAT interface integrates the operation of the CA Endevor product with the operation of NATURAL (a programming language and software development environment) and PREDICT (a data dictionary), software products distributed by Software AG. Gaugler Decl. ¶ 4.

9. Atlantis developed the first E/NAT products in approximately 1993 in response to a request from one of its customers for a software solution that would allow the NATURAL and PREDICT software to be integrated into Endevor. Id. ¶ 5.

10. By 1996, Atlantis had successfully developed the E/NAT software programs for general distribution to customers who were seeking to integrate the CA Endevor product with their NATURAL and PREDICT products. Id. ¶ 6.

11. Until approximately June of 2007, when CA first made available its own replacement for E/NAT, E/NAT was the only commercially available software program that provided an interface between Endevor and NATURAL. Id. ¶ 7; Jensen Decl. Exh. D [Deposition of John Dueckman, taken July 29, 2008 ("Dueckman Dep.") pp. 70-72].

THE SOFTWARE LICENSE AGREEMENT

12. In late 1996 and early 1997, CA and Atlantis negotiated a license that would permit CA to sublicense the E/NAT products to CA's Endevor customers worldwide. Jensen Decl. Exhs. A [Complaint ¶¶ 16-17] & B [Answer ¶¶ 16-17].

13. Thereafter, Atlantis and CA entered into a Software License Agreement (the "SLA") dated as of February 28, 1997, pursuant to which Atlantis granted CA a license to use, market, distribute and sublicense the E/NAT products throughout the world. Gaugler Decl. ¶ 8

& Exh. A [Software License dated February 28, 1997 (Px 2)[1]].

14. Paragraph 2.4 of the SLA provides that:

"2.4 During the Term Supplier shall continuously enhance and update the Product to ensure that the Product supplied to CA will include: (i) all new releases and functionality made available to Supplier's other distributors or (direct) customers of the Product or any other comparable software products marketed by Supplier during the term of this Agreement; and (ii) all modifications necessary to support new versions of the CA software on the MVS Operating Environment. In the event that CA develops any bug fixes, maintenance releases or new versions of the CA Software [CA-Endevor on the MVS Operating Environment] during the Term of this Agreement, CA agrees to supply such bug fixes, maintenance releases and new versions to Supplier pursuant to the terms of Section 4.1 below."

Id. ¶ 9 & Exh. A [Software License dated February 28, 1997 (Px 2)].

15. Paragraph 3.4 of the SLA provides that:

Supplier will notify CA in advance in writing of any plans to produce new, enhanced or modified versions of the Products or any replacements to the Product. Supplier agrees to offer to make all such, new, enhanced, modified or replacement Product available to CA subject to the provisions of this Agreement when the same are first made available to other licensees of the Product. Supplier also agrees, at no charge, to provide at least one master copy of any such updates to the Product (and permit CA to copy and update any old versions of the Product held in stock or used internally by CA or its Distributors). Supplier will continue to provide support for old or superseded versions of the Product for at least one year after release of the new or replacement Product.

Id. ¶ 10 & Exh. A [Software License dated February 28, 1997 (Px 2)].

THE PARTIES' PERFORMANCE

16. On or before the commencement of the Term of the SLA in February, 1997, Atlantis provided CA with a copy of E/NAT version 2.1.0 which was the latest existing version of E/NAT at that time. Id. ¶ 11.

---

[1] References to Plaintiff's Deposition Exhibits will be Px ___. References to Defendant's Deposition Exhibits will be Dx ___.

17. During the Term of the SLA, Atlantis provided CA with modifications and new subversions of E/NAT. Id. ¶ 12. A schedule of the modifications, enhancements and new sub-versions of E/NAT that were delivered by Atlantis to CA was provided to CA during discovery. Id. ¶ 12 & Exh. B [Exhibit C to Plaintiff's Answers to Defendant's First Set of Interrogatories, dated September 24, 2007].

18. During the Term of the SLA, Atlantis provided CA with copies of all new releases and functionality of E/NAT that were made available to any other distributor or direct customer of E/NAT. Id. ¶ 13.

19. During the term of the SLA, Atlantis provided a copy of all new, enhanced, modified or replacement versions or sub-versions of E/NAT to CA on or before the date that they were first made available to any other licensees of E/NAT. Id. ¶ 14.

20. By letter dated May 29, 2007, CA notified Atlantis that it was terminating the SLA effective as of December 9, 2007. Id. ¶ 15 & Exh. C [Termination Notice, dated May 29, 2007 (A 20000)].

21. Pursuant to the terms of the SLA, Atlantis continued to provide maintenance and support for E/NAT until on or after December 8, 2008. Id. ¶ 16.

## CA'S RELEASES OF NEW VERSIONS OF ENDEVOR

22. E/NAT was designed to work with CA's Endevor software program in a manner that allows the programmer to control NATURAL and PREDICT objects from within Endevor and, in addition, to issue some actions from within the NATURAL programming environment. Id. ¶ 17.

23. In July, 1998, CA released a new Application Programming Interface ("API") for Endevor in version 3.8 of Endevor . The Endevor API allows the programmer using Endevor to

invoke Endevor from within other software programs.  Jensen Decl. Exh. E [Response to Interrogatory No. 3, Defendant CA, Inc.'s Second Revised Responses and Objections to Plaintiff's Second Set of Interrogatories, dated December 15, 2009].

24.   The Endevor API has existed and has been enhanced in subsequent releases of Endevor since at least July 2000.  Id.

25.   Since E/NAT was designed to be fully integrated into Endevor, E/NAT does not invoke Endevor through the Endevor API like other third party programs that are used with Endevor.  Gaugler Decl. ¶ 20.

26.   CA has known since at least July 1998 that E/NAT was not designed to invoke Endevor through the Endevor API.  Id. ¶ 21.

27.   Atlantis has never released any version of E/NAT that would invoke Endevor through its API.  Id. ¶ 22.

28.   In July 2000, CA enhanced Endevor to make it possible to display selection lists for information and also to verify Endevor requirements for execution of an action though the Endevor API.  Jensen Decl. Exh. E [Response to Interrogatory No. 3, Defendant CA, Inc.'s Second Revised Responses and Objections to Plaintiff's Second Set of Interrogatories, dated December 15, 2009].

29.   Since E/NAT was never designed to invoke the Endevor API, E/NAT was never able to take advantage of the selection list and verification enhancements to the Endevor Application Programming Interface – a fact CA has known or should have known since at least July 2000.  Gaugler Decl. ¶ 24.

30.   In December 2002, CA enhanced the Endevor API to allow it to retrieve a complete list of Packages and execution of Package Commands.  Jensen Decl. Exh. E [Response

to Interrogatory No. 3, Defendant CA, Inc.'s Second Revised Responses and Objections to Plaintiff's Second Set of Interrogatories, dated December 15, 2009].

31. Since E/NAT was never designed to work with the Endevor API, E/NAT does not retrieve a list of Packages and execute Package Commands through the Endevor API – a fact CA has known or should have known since at least December 2002. Gaugler Decl. ¶ 26.

32. CA's Endevor program has provided a QuickEdit option for users since at least 1996. Jensen Decl. Exh. F [Endevor 3.7.2 Quick Edit Users Guide, Copyright 1996 (A 127470 – A 127625)]. The Endevor QuickEdit option was designed for use with third generation programming languages like COBOL or PL/1 and not for working in the modern NATURAL software development environment. Gaugler Decl. ¶ 27.

33. Atlantis never provided the Endevor QuickEdit functionality in E/NAT – a fact CA has known or should have known since at least July 1996. Id. ¶ 28.

34. Endevor 4.0 included a functionality that allowed Endevor for the first time to store "long names" in its own data tables. Jensen Decl. Exh. E [Response to Interrogatory No. 3, Defendant CA, Inc.'s Second Revised Responses and Objections to Plaintiff's Second Set of Interrogatories dated December 15, 2009].

35. Endevor 4.0 was released to the public in 2002 or earlier. Id. Exh. G [Endevor 4.0 Release Summary, Copyright 2002 (A 95590 – A 95643)].

36. E/NAT was designed to store "long names" in data tables created specifically for E/NAT prior to the development of, and never made use of, the Endevor "long names" tables – a fact CA has known or should have known since at least 1997. Gaugler Decl. ¶ 31.

37. E/NAT was never designed to provide online access to Endevor via the Endevor API (described by CA as "real-time processing") that was first released by CA in July 2002 – a

fact CA has known or should have known since at least July 2002.  Id. ¶ 32; Jensen Decl. Exh. E [Response to Interrogatory No. 3, Defendant CA, Inc.'s Second Revised Responses and Objections to Plaintiff's Second Set of Interrogatories dated December 15, 2009].

38.     E/NAT was never designed to permit package shipment from within the NATURAL environment or to move packages without rebuilding the application – a fact CA has known or should have known since at least December 1998.  Gaugler Decl. ¶ 33.

39.     Atlantis has never released or distributed a version 3 of E/NAT.  Id. ¶ 34.

40.     CA knew at all times during the term of the SLA that Atlantis had not delivered a version 3 of E/NAT to CA.  Id. ¶ 35.

41.     The Managing Director of Atlantis, Alexander Gaugler, testified at his deposition that he "thought" Atlantis ceased the development of a version 3 of E/NAT in 2002 or 2003, but he also testified that he "did not recall" the exact date and that the correct date "might be later." Id. ¶ 36 & Exh. F [Deposition of Alexander Gaugler, taken January 24, 2008, at pp. 93, 99-100]. Mr. Gaugler's subsequent review of the business records of Atlantis revealed that the development of version 3 of E/NAT continued until on or shortly before the institution of this action by Atlantis for breach of contract in August 2006.  Id. ¶ 36 & Exh. D [A 22005 – A 22006].

42.     In response to Plaintiff's Interrogatory to CA, "State whether you claim ATLANTIS was required to develop and provide to CA a version 3.0 of E/NAT, and if your answer is anything other than an unqualified denial, state the legal and factual basis of such claim," CA ultimately responded:

> CA claims that section 2.4 of the SLA required Atlantis to continually enhance E/NAT and to update E/NAT to ensure that E/NAT included 'all modifications necessary to support new versions of Endevor.' In communications between 1999 and 2007, Atlantis affirmatively

>represented that it was satisfying its contractual obligations under section 2.4 through the release of E/NAT version 3.0 (see, e.g., A 6316 - A 6317, A 13922 - A 13923, A 14010 - A 14012, and A 17370 - 17371). Therefore, Atlantis was required to develop and provide to CA version 3.0 of E/NAT.

Jensen Decl. Exhs. E [Response to Interrogatory No. 5, Defendant CA, Inc.'s Second Revised Responses and Objections to Plaintiff's Second Set of Interrogatories, dated December 15, 2009], R [Letter dated May 10, 2010 from Michael D. Schissel to J. Christopher Jensen, amending Defendant CA, Inc.'s Second Revised Responses and Objections to Plaintiff's Second Set of Interrogatories, dated December 15, 2009] & S [A 6316 - A 6317, A 13922 - A 13923, A 14010 - A 14012, and A 17370 – 17371].

## CA'S SALES OF THE E/NAT SOFTWARE

43. From the execution of the SLA in February, 1997 until the termination of the SLA in December 2008, CA continued to sell or offer to sell E/NAT to its customers who used any version of Endevor with the NATURAL programming language and/or PREDICT data dictionaries. Gaugler Decl. ¶ 37; Jensen Decl. Exh. H [Deposition of John Dueckman, taken December 17, 2009 ("Dueckman II Dep.") pp. 106-07]

44. During the Term of the SLA, CA licensed customers to use the E/NAT software program and provided maintenance of the software to licensed customers. Gaugler Decl. ¶ 38; Jensen Decl. Exh. H [Dueckman II Dep. pp. 106-107].

45. During the Term of the SLA, Atlantis provided maintenance and support of the E/NAT program to CA and to CA's customers who had licensed E/NAT. Gaugler Decl. ¶ 39.

46. CA reported and paid royalties to Atlantis on a quarterly basis commencing with the quarter ending March 31, 1997 through September 30, 2008. Id. ¶ 40. The last cumulative royalty report that CA sent to Atlantis was in November, 2008 for the quarter ending September

30, 2008.  Id. ¶ 40 & Exh. E [Royalty Report through September 30, 2008 (CA 53791- CA 53795)].

47.	From the execution of the SLA in February, 1997 until the termination of the SLA in December 2008, CA has reported sales to its customers of original E/NAT software licenses or E/NAT maintenance agreements of ▮▮▮▮ of dollars.  The majority of these sales occurred after CA released its first version of the Endevor API in July, 1998.  Id. ¶ 41 & Exh. G [CA 57716 – CA 57724].

48.	CA is not aware of any CA customer terminating its license for E/NAT because of any failure to provide enhancements or upgrades to E/NAT.  Jensen Decl. Exh. H [Dueckman II Dep. p. 99].

## THE SETTLEMENT AND RELEASE

49.	In 2004, as the result of various disputes between CA and Atlantis regarding the royalties to be paid to Atlantis, CA and Atlantis entered into negotiations of a Settlement Agreement and a Third Amendment of the SLA.  Id. Exhs. I [Deposition of John Ball, taken March 4, 2008 ("Ball Dep.") pp. 158-161], J [Deposition of Alexander Arato, taken March 13, 2008 ("Arato Dep.") p. 45], K [Letter dated April 30, 2004 (Px 46)] & L [Letter dated March 16, 2004 (Px 47)].

50.	Atlantis and CA simultaneously executed a Settlement Agreement dated and effective as of December 10, 2004 and a Third Amendment to the SLA ("the Third Amendment").  Jensen Decl. Exh. M [Settlement and Third Amended SLA, dated December 10, 2004 (Dx 26)].

51.	Paragraph 3 of the Settlement Agreement provides, inter alia, that:

> "Upon execution of this Settlement Agreement and CA's timely payment of the sum set forth in paragraph 1, above, the Parties, and each of them,

-10-

> hereby release each other Party, and their subsidiaries, affiliates, predecessors, successors, assignees, representatives, officers, directors, agents, attorneys, and employees, from any and all claims, known or unknown, asserted or unasserted which arise out of or relate in any way to: (i) the Software License Agreement for the period February 28, 1997 until the Execution Date…"

Id.

52. The Execution Date of the Settlement Agreement was the 10th day of December, 2004. Id.

53. At no time prior to the filing of CA's motion to amend its answer on October 20, 2008 did CA claim that Atlantis had breached the SLA, or its amendments, by failing to provide a version 3 of E/NAT or by otherwise failing to enhance E/NAT. Gaugler Decl. ¶ 42.

### CA's CLAIM FOR DAMAGES

54. In response to Plaintiff's interrogatory requesting CA to specify its damages alleged in CA's counterclaim, CA responded that CA would provide information concerning the damages that it incurred in the form of an expert report to be provided consistent with the Court's Amended Scheduling Order dated September 14, 2009. Jensen Decl. Exh. E [Response to Interrogatory No. 4, Defendant CA, Inc.'s Second Revised Responses and Objections to Plaintiff's Second Set of Interrogatories dated December 15, 2009].

55. On May 21, 2010, CA served the Expert Report and Disclosure of Christopher P. Gerardi setting forth his calculation of the damages sustained by CA on CA's Counterclaim against Plaintiff. Id. Exh. N [Expert Report and Disclosure of Christopher P. Gerardi, Senior Managing Director of FTI Consulting, submitted May 21, 2010 ("CA's Expert Report on the Counterclaim Damages")].

56. CA's Expert Report on the Counterclaim Damages assumes that CA was unaware that Atlantis had stopped the development of E/NAT 3.0 in 2002 and 2003. The Report also

assumes that if CA had known that Atlantis had stopped the development of E/NAT at that time, CA would have terminated the SLA with Atlantis and would have obtained a replacement for E/NAT by either December 31, 2003 or December 31, 2004.  Id.  CA also testified that this was its position concerning damages.  Id. Exh. H [Dueckman II Dep. pp. 103-04, 111-13].

57. Under two alternative scenarios, CA's expert calculates CA's damages as the amount of royalties paid by CA to Atlantis from either December 31, 2003 or December 31, 2004 through September 2008 when CA ceased paying any further royalties to Atlantis.  Id. Exh. N [CA's Expert Report on the Counterclaim Damages].

58. CA's expert does not take into account in determining CA's damages any amounts earned by CA during this period from the licensing or maintenance of E/NAT.  Id.

59. CA computer records state that the contract value of E/NAT licenses, including maintenance licenses, sold by CA during the period from January 1, 2004 through January 2008 exceeded the sum of ██████.  Id. Exh. O [CA 57716 – CA 57724].  CA computer records state that the contract value of Endevor licenses sold by CA during the period from January 1, 2004 through January 2008 exceeded the sum of ██████.  Id. Exh. P [CA 40272 – CA 40311].

60. During the period from January 1, 2004 through September 2008, the total revenues earned by CA from the sale of software bundles to its clients that included a license of the E/NAT program are in excess of ██████.  Id. Exh. Q [CA Answers to Interrogatories Nos. 1 and 6, dated January 23, 2008, Exhibit F].

| | |
|---|---|
| Dated: New York, New York<br>November 15, 2010 | Respectfully submitted,<br><br>COWAN, LIEBOWITZ & LATMAN, P.C.<br><br>By:     /s/ J. Christopher Jensen<br>      J. Christopher Jensen (jcj@cll.com)<br>      Jonathan Z. King (jzk@cll.com)<br>      Eric J. Shimanoff (ejs@cll.com)<br>1133 Avenue Of The Americas<br>New York, New York  10036-6799<br>(212) 790-9200<br>Attorneys for Plaintiff ATLANTIS INFORMATION TECHNOLOGY, GmbH |