J. Christopher Jensen (jcj@cll.com)
Jonathan Z. King (jzk@cll.com)
Eric J. Shimanoff (ejs@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue Of The Americas
New York, New York  10036-6799
(212) 790-9200
Attorneys for Plaintiff
ATLANTIS INFORMATION TECHNOLOGY, GmbH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

ATLANTIS INFORMATION TECHNOLOGY, GmbH

               Plaintiff,

-against-

CA, INC.

               Defendant.

Civil Action No.
06-CV-3921 (JS) (ETB)

**PLAINTIFF'S RULE 56.1 COUNTER-STATEMENT IN OPPOSITION TO DEFENDANT CA'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT**

------------------------------------------------------------------ x

Pursuant to Local Civil Rule 56.1, Plaintiff Atlantis Information Technology, GmbH ("Plaintiff" or "Atlantis") respectfully submits this counter-statement of undisputed material facts in opposition to Defendant CA, Inc.'s ("Defendant" or "CA") motion for partial summary judgment on Plaintiff's claim for breach of contract:

**STATEMENT NO. 1**

CA and Atlantis entered into a Software License Agreement (the "SLA"), dated February 28, 1997.  Declaration of Michael D. Schissel in Support of Defendant's Motion for Partial Summary Judgment on Plaintiffs Claim for Breach of Contract, dated September 1, 2010 ("Schissel Decl."), Exh. A [Px 2].

**RESPONSE TO STATEMENT NO. 1**

Admitted.

**STATEMENT NO. 2**

In 2004, CA and Atlantis entered into a Settlement Agreement and a Third Amendment to the SLA. Schissel Decl. Exhs. B [Dx 26] and C [Dx 27].

**RESPONSE TO STATEMENT NO. 2**

Admitted.

**STATEMENT NO. 3**

CA was represented by attorney Alexander Arato and Atlantis was represented by attorneys Meinhard Erben and William O'Brien in connection with the negotiation and drafting of the Settlement Agreement and the Third Amendment. Schissel Decl. Exhs. D [Deposition of Alexander Arato, taken March 13, 2008 ("Arato Dep."), at 45: 10-16] and E [Deposition of Meinhard Erben, taken February 13, 2008 ("Erben Dep."), at 9:19-23; 10: 8-19; 24:20-25:4].

**RESPONSE TO STATEMENT NO. 3**

Atlantis admits that CA was represented by attorney Alexander Arato in connection with the negotiation and drafting of the Settlement Agreement and the Third Amendment. Atlantis admits that Atlantis was represented by German attorney Meinhard Erben in connection with the negotiation and drafting of the Settlement Agreement and the Third Amendment. Atlantis admits that Dr. Erben consulted with attorney William O'Brien regarding certain issues relating to the Settlement Agreement and Third Amendment but denies that Mr. O'Brien participated in any negotiations thereof with CA. Declaration of Alexander Gaugler in Opposition to CA's Motion for Partial Summary Judgment dated December 10, 2010 ("Gaugler Decl."), ¶ 3.

**STATEMENT NO. 4**

In Paragraph 3 of the Settlement Agreement, CA and Atlantis released each other from all claims relating to the prior license agreements they had entered into, subject to the exceptions contained in Paragraph 4 of the Settlement Agreement. Schissel Decl. Exh. B [Dx 26 at ¶ 3].

**RESPONSE TO STATEMENT NO. 4**

Atlantis admits that paragraphs 3-4 of the Settlement Agreement contained certain release language and exceptions to the stated release, but otherwise refers the Court to the Settlement Agreement for its terms, which speak for themselves. Schissel Decl. Exh. B [Dx 26].

**STATEMENT NO. 5**

Paragraph 4 of the Settlement Agreement granted exceptions to the release, including that Atlantis does not release CA for "any licensees and/or installations of the Products that have not been disclosed on any royalty report prepared by CA and delivered to Atlantis prior to June 30th, 2004." Schissel Decl. Exh. B [Dx 26 at ¶ 4].

**RESPONSE TO STATEMENT NO. 5**

Atlantis admits that paragraph 4 of the Settlement Agreement contained the above-cited language but otherwise refers the Court to the Settlement Agreement for its terms, which speak for themselves. Schissel Decl. Exh. B [Dx 26].

**STATEMENT NO. 6**

The phrase "installations of the Products" in the exception to the release in the Settlement Agreement refers to when a copy of E/NAT is installed on a computer. Schissel Decl. Exhs. D [Arato Dep. at 145:5-10] and E [Erben Dep. at 61:15-24; 77:4-7].

**RESPONSE TO STATEMENT NO. 6**

Denied. The phrase "installations of the Products" is not defined in the Settlement Agreement as "when a copy of E/NAT is installed on a computer." Schissel Decl. Exh. B [Dx 26]. Indeed, nowhere does the Settlement Agreement contain a definition of the phrase "installations of the Products." Id. The cited testimony of Alexander Arato refers to language ("installation site") that was specifically excluded from the final draft of the Settlement Agreement and makes no reference to the term "copy." Schissel Decl. Exh. D [Arato Dep. at 145:5-10]. Dr. Erben testified that the term "installations of the Products" in the Settlement Agreement referred to a license to use or install E/NAT, regardless of actual use by a CA customer, and that when he drafted that phrase for the Settlement Agreement, he "did not make any distinction at the time between whether it is actually installed, actually used, or simply licensed to be used, because that is the way the software business works." Schissel Decl. Exh. E [Erben Dep. at 75:13-21; 77:4-7]. Atlantis's Managing Director, Alexander Gaugler, also testified that the term "installations of the Products" referred to a license to use E/NAT, regardless of actual use by a CA customer. Gaugler Decl. Exh. A [Deposition of Alexander Gaugler, taken January 25, 2008 ("Gaugler Dep."), at pp. 125, 284-92].

**STATEMENT NO. 7**

One provision of the Third Amendment provides: "In case a client uses the software on more than one (1) MACHINE, the following rules shall be applied: 1. The largest MACHINE on which the software is installed shall be used to calculate the basic fees (with 34% royalty). 2. For each additional MACHINE the additional royalties shall be of 20% (instead of 34%) of the 'G1' list price." Schissel Decl. Exh. C [Dx 27 at CA00000689].

27601/000/1193526.2

### RESPONSE TO STATEMENT NO. 7

Atlantis admits that the Third Amendment contained the above-cited excerpt but otherwise refers the Court to the Settlement Agreement for its terms, which speak for themselves. Schissel Decl. Exh. C [Dx 27].

### STATEMENT NO. 8

The word "use" in the phrase "In case a client uses the software on more than one (1) MACHINE" in the Third Amendment refers to when a copy of E/NAT is installed on a computer. Schissel Decl. Exhs. E [Erben Dep. at 56:20-25] and F [Deposition of Atlantis's expert Dr. Steven Kursh, taken June 25, 2009, at 238:23-239:7].

### RESPONSE TO STATEMENT NO. 8

Denied. The word "use" is not defined as "when a copy of E/NAT is installed on a computer" anywhere in the Third Amendment. Schissel Decl. Exh. C [Dx 27]. Indeed, nowhere does the Third Amendment contain a definition of the word "use." Id. Moreover, the cited deposition testimony merely illustrates the witness's understanding of how royalties should be calculated if a customer of CA licensed E/NAT for more than one computer. Specifically, in the cited testimony, Dr. Erben merely quoted from the Settlement Agreement; he elsewhere testified that he "did not make any distinction at the time between whether it is actually installed, actually used, or simply licensed to be used, because that is the way the software business works." Schissel Decl. Exh. E [Erben Dep. at 75:13-21]. Likewise, Dr. Kursh explained that, based on custom and practice in the software industry for licenses of this type, the "use" referred to was licensed use, which was the trigger for royalty payments, rather than actual use. Schissel Decl. Exh. F [Kursh Dep. at 237:23-238:9]. The cited testimony does not support CA's asserted definition of the term "use." Schissel Decl. Exhs. E [Erben Dep. at p. 56] and F [Kursh Dep. at

pp. 238-39]. The term "use" refers to the rights licensed to CA's customer to install and use the software for which CA's customers paid royalties to CA and not to actual use or installation. Gaugler Decl. ¶ 5; Declaration of J. Christopher Jensen in Opposition to CA's Motion for Partial Summary Judgment dated December 14, 2010 ("Jensen Decl.") Exh. A [Px 32 (CA 13392 – CA 13397)].

## PLAINTIFF'S STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS

Pursuant to Local Civil Rule 56.1, Plaintiff respectfully submits the following statement of additional undisputed material facts in opposition to Defendant's motion for partial summary judgment on Plaintiff's claim for breach of contract:

### THE SOFTWARE LICENSING AGREEMENTS AND AMENDMENTS

1. Paragraph 5.1 of the SLA provided that "CA shall pay Supplier a per copy royalty as set forth in Exhibit B for copies of the Product licensed by CA or its Distributors to Customers under the terms of this Agreement." Schissel Decl. Exh. A [Px 2 (A 21194)].

2. The original SLA also provided that: "For each copy of the Product distributed by CA to Customers, CA shall pay [to Atlantis] a royalty . . . from the licensing of the Products by CA to Customers or Distributors." Schissel Decl. Exh. A [Px 2 (A 21200)].

3. The Second Amendment to the SLA provided: "For each copy of the Product distributed by CA to Customers, CA shall pay [to Atlantis] an 'Initial License Fee' . . . for licensing and maintenance during the Initial License Period (as defined below) for each license agreement respecting the Product." Jensen Decl. Exh. B [Dx 19 (CA 7180)].

4. The Second Amendment also provided that: "3. Except as amended hereby, all of the terms of the [SLA] remain in full force and effect without modification." Jensen Decl. Exh.

27601/000/1193526.2

B [Dx 19 (CA 7181)].

5. The Third Amendment to the SLA provided: "For each copy of the Product distributed by CA to its customers, CA shall pay to Atlantis an amount equal to thirty-four percent (34%) of the "G1" list price." Schissel Decl. Exh. C [Dx 27 (CA 688)].

6. The Third Amendment further provided that: "The 'G1' list price means the one time fee to be paid by licensee as license and maintenance fees for a one (1) year period. Schissel Decl. Exh. C [Dx 27 (CA 688)].

7. The Third Amendment also provided that "CA shall maintain complete and accurate records of Product licensing activities," which information shall include, inter alia, the details of "Licensed Installations." Schissel Decl. Exh. C [Dx 27 (CA 690)].

8. The Third Amendment also provided that: "Except as amended herein, the provisions of the Software License Agreement dated February 28, 1997 (the 'Agreement'), as previously amended . . . shall remain in effect and this Third Amendment shall be subject to those Agreements." Schissel Decl. Exh. C [Dx 27 (CA 692)].

## THE PARTIES' COURSES OF CONDUCT

9. Under CA's E/NAT sublicensing agreements with CA's own customers, CA's customers were required to pay sublicensing fees to CA for the right to use E/NAT regardless of whether or not E/NAT was actually installed or used by that customer. Jensen Decl. Exhs. C [Deposition of Dennis M. Kozak, taken November 25, 2008 ("Kozak Dep."), at p. 35], D [Deposition of Carmela Bythrow, taken July 28, 2008 ("Bythrow Dep."), at pp. 11-12, 31-33, 50], E [Deposition of Linda Betances, taken September 11, 2008 ("Betances Dep."), at pp. 100-105], F [Deposition of Christopher P. Gerardi, taken July 10, 2009 ("Gerardi Dep."), at pp. 26-28, 35-37, 40, 53], I [Deposition of John Ball, taken March 4, 2008 ("Ball Dep."), at p. 188] & G

[Excerpts of samples of CA's E/NAT's sublicensing agreements (█████████████████ 
(CA 4485 – CA 4555); █████████ (CA 4457 – CA 4484, CA 34954 – CA 34986); █████████████ (CA 5213 – CA 5236); █████ █████ (CA 4649 – CA 4662); █████████ (CA 52380 – CA 52402, CA 55509 – CA 55512); █████████████ (CA 55233 – CA 55234); and █████████████ (CA 5593 – CA 5615))].

  10.   CA collected sublicensing fees from its own customers for the license to use E/NAT regardless of whether or not such customers had actually installed or used the E/NAT programs. Jensen Decl. Exhs. H [Response to Interrogatory No. 1(f) and Exhibit F, Defendant CA's Supp. Responses to Atlantis's Interrogatories Nos. 1 and 6, dated January 23, 2008], C [Kozak Dep. at p. 35], I [Ball Dep. at p. 188], D [Bythrow Dep. at pp. 11-12, 31-33, 50], E [Betances Dep. at pp. 100-105] & F [Gerardi Dep. at pp. 26-28].

  11.   CA's 1997 Product Pricing Handbook does not describe any type of mainframe computer software licensing arrangement available where a customer of CA pays a license fee based on actual use or current installation of the software as opposed to a license of the right to use the software. Jensen Decl. Exh. J [Px 83 (CA 47077 – CA 47140)].

  12.   CA's royalty reports to Atlantis did not provide any information as to whether a customer of CA had actually installed or used the E/NAT programs. Schissel Decl. Exh. B [Dx 26 (CA 7066 – CA 7068)]; Jensen Decl. Exhs. K [Royalty Reports sent by CA to Atlantis for each quarter from 1997 through 2008] & I [Ball Dep. at pp. 186-87].

  13.   CA reported and paid to Atlantis royalties based on the sublicenses CA granted to its own customers for the right to use E/NAT and not based upon CA's customers' actual use or installation of E/NAT. Schissel Decl. Exh. B [Dx 26 (CA 7066 – CA 7068)]; Jensen Decl. Exhs.

27601/000/1193526.2

E [Betances Dep. at pp. 106-07, 179-80]; K [Royalty Report through September 30, 2008 (CA 54837 – CA 54841)], L [Royalty Report through September 30, 2008 (CA 60063 – CA 60068)], F [Gerardi Dep. at pp. 37-38] & N [Deposition of Marni DeMeyer, taken April 16, 2008 ("DeMeyer Dep."), at p. 89].

14.     As a regular matter of course, CA did not track or record whether its own customers who had a sublicense to use E/NAT actually installed or used the E/NAT programs. Jensen Decl. Exhs. H [Response to Interrogatory No. 1(e), Defendant CA's Supp. Responses to Atlantis's Interrogatories Nos. 1 and 6, dated January 23, 2008], D [Bythrow Dep. at pp. 31-33, 50], E [Betances Dep. at pp. 100-105] & F [Gerardi Dep. at pp. 38-39].

15.     CA's own damages expert, Christopher P. Gerardi, calculated royalties owed by CA to Atlantis based on the sublicenses CA granted to its own customers for the right to use E/NAT and not based on CA's customers' actual use or installation of E/NAT. Jensen Decl. Exhs. M [Expert Report of Christopher P. Gerardi, dated May 8, 2009] & F [Gerardi Dep. at pp. 164-65].

Dated: New York, New York
       December 15, 2010

Respectfully submitted,
COWAN, LIEBOWITZ & LATMAN, P.C.

By:____s/ J. Christopher Jensen_____
        J. Christopher Jensen (jcj@cll.com)
        Jonathan Z. King (jzk@cll.com)
        Eric J. Shimanoff (ejs@cll.com)
1133 Avenue Of The Americas
New York, New York  10036-6799
(212) 790-9200
Attorneys for Plaintiff
ATLANTIS INFORMATION TECHNOLOGY, GmbH