Michael D. Schissel
Pamela A. Miller
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York  10022
Tel:  (212) 715-1000
Fax:  (212) 715-1399

John P. McEntee
FARRELL FRITZ, P.C.
1320 RXR Plaza
Uniondale, New York  11556-1320
Tel:  (516) 227-0700
Fax:  (516) 227-0777

*Attorneys for Defendant CA, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATLANTIS INFORMATION TECHNOLOGY, GmbH, <br><br> Plaintiff, <br><br> v. <br><br> CA, INC., <br><br> Defendant. | Civil Action No. <br> 06-CV-3921 (JS) (WDW) |

**DEFENDANT CA, INC.'S COUNTER-STATEMENT TO
PLAINTIFF'S ADDITIONAL MATERIAL FACTS IN OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON
LIABILITY ON PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT**

Notwithstanding Plaintiff Atlantis Information Technology, GmbH's ("Plaintiff" or

"Atlantis") improper application of Rule 56.1 of the Local Rules for the Eastern District of New

York ("Local Rules") to submit "additional undisputed material facts" in Plaintiff's Rule 56.1

Counter-Statement in Opposition to Defendant CA's Motion for Partial Summary Judgment on

Plaintiff's Claim for Breach of Contract ("Plaintiff's Counterstatement"), and without waiver of

CA's right to contest the propriety of Plaintiff's submission, Defendant CA, Inc. ("Defendant" or "CA") respectfully submits this counter-statement to Plaintiff's "Statement of Additional Undisputed Material Facts" (see Plaintiff's Counterstatement pp. 6-9), in support of CA's motion for partial summary judgment on Plaintiff's claim for breach of contract against Defendant.

**ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACT NO. 1:**

Paragraph 5.1 of the SLA provided that "CA shall pay Supplier a per copy royalty as set forth in Exhibit B for copies of the Product licensed by CA or its Distributors to Customers under the terms of this Agreement." Schissel Decl. Exh. A [Px 2 (A 21194)].

**RESPONSE:**

CA objects to Additional Statement of Undisputed Material Fact No. 1 on the grounds that it violates Local Rule 56.1(b), which permits a party opposing summary judgment to submit "additional material facts as to which it is contended that there exists a genuine issue to be tried," but does not permit a party opposing summary judgment to submit statements of *undisputed* material fact in support of its opposition. Local Rules 56.1(b). CA respectfully requests that Plaintiff's Counterstatement be rejected pursuant to the "Individual Motion Practices of Judge Joanna Seybert" (the "Court's Motion Practices"), which state that **"Statements submitted to the Court that are not in strict compliance with Local Rule 56.1 shall be rejected."** See Court's Motion Practices at p. 6 (emphasis in original). Further, CA denies that Additional Statement of Undisputed Fact No. 1 contains a material fact pursuant to Rule 56.1 of the Local Rules.

Subject to and without waiver of the foregoing objection, CA admits that the excerpt cited in Additional Statement of Undisputed Material Fact No. 1 appears along with other provisions in the SLA, and refers the Court to the SLA for a complete statement of its terms and conditions.

2

**ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACT NO. 2:**

The original SLA also provided that: "For each copy of the Product distributed by CA to Customers, CA shall pay [to Atlantis] a royalty ... from the licensing of the Products by CA to Customers or Distributors." Schissel Decl. Exh. A [Px 2 (A 21200)].

**RESPONSE:**

CA objects to Additional Statement of Undisputed Material Fact No. 2 on the grounds that it violates Local Rule 56.1(b), which permits a party opposing summary judgment to submit "additional material facts as to which it is contended that there exists a genuine issue to be tried," but does not permit a party opposing summary judgment to submit statements of *undisputed* material fact in support of its opposition. Local Rules 56.1(b). CA respectfully requests that Plaintiff's Counterstatement be rejected pursuant to the Court's Motion Practices, which state that **"Statements submitted to the Court that are not in strict compliance with Local Rule 56.1 shall be rejected."** See Court's Motion Practices at p. 6 (emphasis in original). Further, CA denies that Additional Statement of Undisputed Fact No. 2 contains a material fact pursuant to Rule 56.1 of the Local Rules.

Subject to and without waiver of the foregoing objection, CA admits that the excerpt cited in Statement No. 2 appears along with other provisions in the SLA, and refers the Court to the SLA for a complete statement of its terms and conditions.

**ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACT NO. 3:**

The Second Amendment to the SLA provided: "For each copy of the Product distributed by CA to Customers, CA shall pay [to Atlantis] an 'Initial License Fee' ... for licensing and maintenance during the Initial License Period (as defined below) for each license agreement respecting the Product." Jensen Decl. Exh. B [Dx 19 (CA 7180)].

**RESPONSE:**

CA objects to Additional Statement of Undisputed Material Fact No. 3 on the grounds that it violates Local Rule 56.1(b), which permits a party opposing summary judgment to submit

3

"additional material facts as to which it is contended that there exists a genuine issue to be tried," but does not permit a party opposing summary judgment to submit statements of ***undisputed*** material fact in support of its opposition.  Local Rules 56.1(b).  CA respectfully requests that Plaintiff's Counterstatement be rejected pursuant to the Court's Motion Practices, which state that "**Statements submitted to the Court that are not in strict compliance with Local Rule 56.1 shall be rejected.**"  See Court's Motion Practices at p. 6 (emphasis in original).  Further, CA denies that Additional Statement of Undisputed Fact No. 3 contains a material fact pursuant to Rule 56.1 of the Local Rules.

Subject to and without waiver of the foregoing objection, CA admits that the excerpt cited in Additional Statement of Undisputed Fact No. 3 appears along with other provisions in the Second Amendment and refers the Court to the Second Amendment for a complete statement of its terms and conditions.

## ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACT NO. 4:

The Second Amendment also provided that: "3. Except as amended hereby, all of the terms of the [SLA] remain in full force and effect without modification." Jensen Decl. Exh. B [Dx 19 (CA 7181)].

## RESPONSE:

CA objects to Additional Statement of Undisputed Material Fact No. 4 on the grounds that it violates Local Rule 56.1(b), which permits a party opposing summary judgment to submit "additional material facts as to which it is contended that there exists a genuine issue to be tried," but does not permit a party opposing summary judgment to submit statements of ***undisputed*** material fact in support of its opposition.  Local Rules 56.1(b).  CA respectfully requests that Plaintiff's Counterstatement be rejected pursuant to the Court's Motion Practices, which state that "**Statements submitted to the Court that are not in strict compliance with Local Rule**

4

**56.1 shall be rejected."** See Court's Motion Practices at p. 6 (emphasis in original).  Further,

CA denies that Additional Statement of Undisputed Fact No. 4 contains a material fact pursuant

to Rule 56.1 of the Local Rules.

Subject to and without waiver of the foregoing objection, CA admits that the excerpt

cited in Additional Statement of Undisputed Fact No. 4 appears along with other provisions in

the Second Amendment and refers the Court to the Second Amendment for a complete statement

of its terms and conditions.

## ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACT NO. 5:

The Third Amendment to the SLA provided: "For each copy of the Product distributed by
CA to its customers, CA shall pay to Atlantis an amount equal to thirty-four percent (34%) of the
"G1" list price." Schissel Decl. Exh. C [Dx 27 (CA 688)].

## RESPONSE:

CA objects to Additional Statement of Undisputed Material Fact No. 5 on the grounds

that it violates Local Rule 56.1(b), which permits a party opposing summary judgment to submit

"additional material facts as to which it is contended that there exists a genuine issue to be tried,"

but does not permit a party opposing summary judgment to submit statements of *undisputed*

material fact in support of its opposition.  Local Rules 56.1(b).  CA respectfully requests that

Plaintiff's Counterstatement be rejected pursuant to the Court's Motion Practices, which state

that **"Statements submitted to the Court that are not in strict compliance with Local Rule**

**56.1 shall be rejected."** See Court's Motion Practices at p. 6 (emphasis in original).  Further,

CA denies that Additional Statement of Undisputed Fact No. 5 contains a material fact pursuant

to Rule 56.1 of the Local Rules.

Subject to and without waiver of the foregoing objection, CA denies Additional

Statement of Undisputed Material Fact No. 5 as inaccurate and CA refers the Court to the Third

Amendment for a complete and accurate statement of its terms and conditions.  See Schissel

Decl. Exh. C [Dx 27].

## ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACT NO. 6:

The Third Amendment further provided that: "The 'G1' list price means the one time fee
to be paid by licensee as license and maintenance fees for a one (1) year period.  Schissel
Decl. Exh. C [Dx 27 (CA 688)].

## RESPONSE:

CA objects to Additional Statement of Undisputed Material Fact No. 6 on the grounds

that it violates Local Rule 56.1(b), which permits a party opposing summary judgment to submit

"additional material facts as to which it is contended that there exists a genuine issue to be tried,"

but does not permit a party opposing summary judgment to submit statements of *undisputed*

material fact in support of its opposition.  Local Rules 56.1(b).  CA respectfully requests that

Plaintiff's Counterstatement be rejected pursuant to the Court's Motion Practices, which state

that "**Statements submitted to the Court that are not in strict compliance with Local Rule**

**56.1 shall be rejected.**"  See Court's Motion Practices at p. 6 (emphasis in original).  Further,

CA denies that Additional Statement of Undisputed Fact No. 6 contains a material fact pursuant

to Rule 56.1 of the Local Rules.

Subject to and without waiver of the foregoing objection, CA denies Additional

Statement of Undisputed Material Fact No. 6 as inaccurate and CA refers the Court to the Third

Amendment for a complete and accurate statement of its terms and conditions.  See Schissel

Decl. Exh. C [Dx 27].

## ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACT NO. 7:

The Third Amendment also provided that "CA shall maintain complete and accurate
records of Product licensing activities," which information shall include, inter alia, the details of
"Licensed Installations."  Schissel Decl. Exh. C [Dx 27 (CA 690)].

**RESPONSE:**

CA objects to Additional Statement of Undisputed Material Fact No. 7 on the grounds

that it violates Local Rule 56.1(b), which permits a party opposing summary judgment to submit

"additional material facts as to which it is contended that there exists a genuine issue to be tried,"

but does not permit a party opposing summary judgment to submit statements of **_undisputed_**

material fact in support of its opposition.  Local Rules 56.1(b).  CA respectfully requests that

Plaintiff's Counterstatement be rejected pursuant to the Court's Motion Practices, which state

that **"Statements submitted to the Court that are not in strict compliance with Local Rule**

**56.1 shall be rejected."**  See Court's Motion Practices at p. 6 (emphasis in original).  Further,

CA denies that Additional Statement of Undisputed Fact No. 7 contains a material fact pursuant

to Rule 56.1 of the Local Rules.

Subject to and without waiver of the foregoing objection, CA admits that the excerpt

cited in Additional Statement of Undisputed Fact No. 7 appears along with other provisions in

the Third Amendment, and refers the Court to the Third Amendment for a complete statement of

its terms and conditions, including the specific information CA was to maintain and submit to

Atlantis for each licensed installation.  See Schissel Decl. Exh. C [Dx 27 (CA 690)].

**ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACT NO. 8:**

The Third Amendment also provided that: "Except as amended herein, the provisions of
the Software License Agreement dated February 28, 1997 (the 'Agreement'), as previously
amended … shall remain in effect and this Third Amendment shall be subject to those
Agreements." Schissel Decl. Exh. C [Dx 27 (CA 692)].

**RESPONSE:**

CA objects to Additional Statement of Undisputed Material Fact No. 8 on the grounds

that it violates Local Rule 56.1(b), which permits a party opposing summary judgment to submit

"additional material facts as to which it is contended that there exists a genuine issue to be tried,"

but does not permit a party opposing summary judgment to submit statements of *undisputed* material fact in support of its opposition.  Local Rules 56.1(b).  CA respectfully requests that Plaintiff's Counterstatement be rejected pursuant to the Court's Motion Practices, which state that "**Statements submitted to the Court that are not in strict compliance with Local Rule 56.1 shall be rejected.**"  <u>See</u> Court's Motion Practices at p. 6 (emphasis in original).  Further, CA denies that Additional Statement of Undisputed Fact No. 8 contains a material fact pursuant to Rule 56.1 of the Local Rules.

Subject to and without waiver of the foregoing objection, CA admits that the excerpt cited in Additional Statement of Undisputed Fact No. 8 appears along with other provisions in the Third Amendment and refers the Court to the Second Amendment for a complete statement of its terms and conditions.

## ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACT NO. 9:

Under CA's E/NAT sublicensing agreements with CA's own customers, CA's customers were required to pay sublicensing fees to CA for the right to use E/NAT regardless of whether or not E/NAT was actually installed or used by that customer. Jensen Decl. Exhs. C [Deposition of Dennis M. Kozak, taken November 25, 2008 ("Kozak Dep."), at p. 35], D [Deposition of Carmela Bythrow, taken July 28, 2008 ("Bythrow Dep."), at pp. 11-12, 31-33, 50], E [Deposition of Linda Betances, taken September 11, 2008 ("Betances Dep."), at pp. 100105], F [Deposition of Christopher P. Gerardi, taken July 10, 2009 ("Gerardi Dep."), at pp. 2628, 35-37, 40, 53], I [Deposition of John Ball, taken March 4, 2008 ("Ball Dep."), at p. 188] & G [Excerpts of samples of CA's E/NAT's sublicensing agreements (Alltel Communications, Inc. (CA 4485 — CA 4555); Acxiom Corporation (CA 4457 — CA 4484, CA 34954 — CA 34986); Washington State Department of Transportation (CA 5213 — CA 5236); Harleysville Mutual Insurance Company (CA 4649 — CA 4662); Georgetown University (CA 52380 — CA 52402, CA 55509 — CA 55512); State of Hawaii, Department of Human Services (CA 55233 — CA 55234); and County of Los Angeles Internal Services Department (CA 5593 — CA 5615))].

## RESPONSE:

CA objects to Additional Statement of Undisputed Material Fact No. 9 on the grounds that it violates Local Rule 56.1(b), which permits a party opposing summary judgment to submit "additional material facts as to which it is contended that there exists a genuine issue to be tried,"

8

but does not permit a party opposing summary judgment to submit statements of ***undisputed*** material fact in support of its opposition. Local Rules 56.1(b). CA respectfully requests that Plaintiff's Counterstatement be rejected pursuant to the Court's Motion Practices, which state that **"Statements submitted to the Court that are not in strict compliance with Local Rule 56.1 shall be rejected."** See Court's Motion Practices at p. 6 (emphasis in original). Further, CA denies that Additional Statement of Undisputed Fact No. 9 contains a material fact pursuant to Rule 56.1 of the Local Rules.

Subject to and without waiver of the foregoing objection, CA admits that CA's customers were required to pay fees to CA for a license to use E/NAT pursuant to the specific terms of each customer's individual licensing agreement and other applicable order documents. See Declaration of J. Christopher Jensen in Opposition to Defendant CA's Motion for Partial Summary Judgment on Plaintiff's Claim for Breach of Contract ("Jensen Decl.") Exhs. D [Bythrow Dep. at pp. 11-12] & G [CA00004485-555, CA00004457-484, CA00034954-986, CA00005213-236, CA00004649-662, CA00052380-402, CA00055509-512, CA00055233-234, CA00005593-615]. CA's Product Pricing Handbook states that "All license transactions are governed by and subject to the specific terms and conditions of the applicable license agreement and order form." See Jensen Decl. Exh. J [Px 83 at CA00047079].

**ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACT NO. 10:**

CA collected sublicensing fees from its own customers for the license to use E/NAT regardless of whether or not such customers had actually installed or used the E/NAT programs. Jensen Decl. Exhs. H [Response to Interrogatory No. 1(f) and Exhibit F, Defendant CA's Supp. Responses to Atlantis's Interrogatories Nos. 1 and 6, dated January 23, 2008], C [Kozak Dep. at p. 35], I [Ball Dep. at p. 188], D [Bythrow Dep. at pp. 11-12, 31-33, 50], E [Betances Dep. at pp. 100-105] & F [Gerardi Dep. at pp. 26-28].

**RESPONSE:**

CA objects to Additional Statement of Undisputed Material Fact No. 10 on the grounds that it violates Local Rule 56.1(b), which permits a party opposing summary judgment to submit "additional material facts as to which it is contended that there exists a genuine issue to be tried," but does not permit a party opposing summary judgment to submit statements of ***undisputed*** material fact in support of its opposition. Local Rules 56.1(b). CA respectfully requests that Plaintiff's Counterstatement be rejected pursuant to the Court's Motion Practices, which state that "**Statements submitted to the Court that are not in strict compliance with Local Rule 56.1 shall be rejected.**" See Court's Motion Practices at p. 6 (emphasis in original). Further, CA denies that Additional Statement of Undisputed Fact No. 10 contains a material fact pursuant to Rule 56.1 of the Local Rules. Further, CA denies that Additional Statement of Undisputed Fact No. 1 contains a material fact pursuant to Rule 56.1 of the Local Rules.

Subject to and without waiver of the foregoing objection, CA admits that CA's customers were required to pay fees to CA for licenses to use E/NAT pursuant to the specific terms of each customer's individual licensing agreement and other applicable order documents. See Jensen Decl. Exh. C [Bythrow Dep. at pp. 11-12]; see also, e.g., Jensen Decl. Exh. G [CA00004485-555, CA00004457-484, CA00034954-986, CA00005213-236, CA00004649-662, CA00052380-402, CA00055509-512, CA00055233-234, CA00005593-615]. CA's Product Pricing Handbook states that "All license transactions are governed by and subject to the specific terms and conditions of the applicable license agreement and order form." See Jensen Decl. Exh. J [Px 83 at CA00047079].

**ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACT NO. 11:**

CA's 1997 Product Pricing Handbook does not describe any type of mainframe computer software licensing arrangement available where a customer of CA pays a license fee based on

actual use or current installation of the software as opposed to a license of the right to use the software.  Jensen Decl. Exh. J [Px 83 (CA 47077 — CA 47140)].

**RESPONSE:**

CA objects to Additional Statement of Undisputed Material Fact No. 11 on the grounds that it violates Local Rule 56.1(b), which permits a party opposing summary judgment to submit "additional material facts as to which it is contended that there exists a genuine issue to be tried," but does not permit a party opposing summary judgment to submit statements of *undisputed* material fact in support of its opposition.  Local Rules 56.1(b).  CA respectfully requests that Plaintiff's Counterstatement be rejected pursuant to the Court's Motion Practices, which state that **"Statements submitted to the Court that are not in strict compliance with Local Rule 56.1 shall be rejected."**  See Court's Motion Practices at p. 6 (emphasis in original).  Further, CA denies that Additional Statement of Undisputed Fact No. 11 contains a material fact pursuant to Rule 56.1 of the Local Rules.

Subject to and without waiver of the foregoing objection, CA admits that the Product Pricing Handbook states that a customer's license and/or use of a product is governed by and subject to the specific terms of that customer's individual licensing agreement and other applicable order documents.  See Jensen Decl. Exh. J [Px 83 at CA00047079].

**ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACT NO. 12:**

CA's royalty reports to Atlantis did not provide any information as to whether a customer of CA had actually installed or used the E/NAT programs.  Schissel Decl. Exh. B [Dx 26 (CA 7066 — CA 7068)]; Jensen Decl. Exhs. K [Royalty Report through September 30, 2008 (CA 54837 — CA 54841)], L [Royalty Report through September 30, 2008 (CA 60063 — CA 60068)] & I [Ball Dep. at pp. 186-87].

**RESPONSE:**

CA objects to Additional Statement of Undisputed Material Fact No. 12 on the grounds that it violates Local Rule 56.1(b), which permits a party opposing summary judgment to submit

"additional material facts as to which it is contended that there exists a genuine issue to be tried," but does not permit a party opposing summary judgment to submit statements of **undisputed** material fact in support of its opposition. Local Rules 56.1(b).  CA respectfully requests that Plaintiff's Counterstatement be rejected pursuant to the Court's Motion Practices, which state that "**Statements submitted to the Court that are not in strict compliance with Local Rule 56.1 shall be rejected.**"  <u>See</u> Court's Motion Practices at p. 6 (emphasis in original).  Further, CA denies that Additional Statement of Undisputed Fact No. 12 contains a material fact pursuant to Rule 56.1 of the Local Rules.

Subject to and without waiver of the foregoing objection, CA admits that, pursuant to the terms of the Third Amendment, CA reported royalties to Atlantis based on licenses CA sold to its customers, each of which was governed by and subject to the specific terms of that individual licensing agreement and other applicable order documents.

## ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACT NO. 13:

CA reported and paid to Atlantis royalties based on the sublicenses CA granted to its own customers for the right to use E/NAT and not based upon CA's customers' actual use or installation of E/NAT. Schissel Decl. Exh. B [Dx 26 (CA 7066 — CA 7068)]; Jensen Decl. Exhs. K [Royalty Report through September 30, 2008 (CA 54837 — CA 54841)], L [Royalty Report through September 30, 2008 (CA 60063 — CA 60068)] & F [Gerardi Dep. at pp. 37-38].

## RESPONSE:

CA objects to Additional Statement of Undisputed Material Fact No. 13 on the grounds that it violates Local Rule 56.1(b), which permits a party opposing summary judgment to submit "additional material facts as to which it is contended that there exists a genuine issue to be tried," but does not permit a party opposing summary judgment to submit statements of **undisputed** material fact in support of its opposition. Local Rules 56.1(b).  CA respectfully requests that Plaintiff's Counterstatement be rejected pursuant to the Court's Motion Practices, which state

that "**Statements submitted to the Court that are not in strict compliance with Local Rule 56.1 shall be rejected.**" <u>See</u> Court's Motion Practices at p. 6 (emphasis in original). Further, CA denies that Additional Statement of Undisputed Fact No. 13 contains a material fact pursuant to Rule 56.1 of the Local Rules.

Subject to and without waiver of the foregoing objection, CA admits that, pursuant to the terms of the Third Amendment, CA reported royalties to Atlantis based on licenses CA sold to its customers, each of which was governed by and subject to the specific terms of that individual licensing agreement and other applicable order documents.

## ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACT NO. 14:

As a regular matter of course, CA did not track or record whether its own customers who had a sublicense to use E/NAT actually installed or used the E/NAT programs. Jensen Decl. Exhs. H [Response to Interrogatory No. 1(e), Defendant CA's Supp. Responses to Atlantis's Interrogatories Nos. 1 and 6, dated January 23, 2008], D [Bythrow Dep. at pp. 31-33, 50], E [Betances Dep. at pp. 100-105] & F [Gerardi Dep. at pp. 38-39].

## RESPONSE:

CA objects to Additional Statement of Undisputed Material Fact No. 14 on the grounds that it violates Local Rule 56.1(b), which permits a party opposing summary judgment to submit "additional material facts as to which it is contended that there exists a genuine issue to be tried," but does not permit a party opposing summary judgment to submit statements of *undisputed* material fact in support of its opposition. Local Rules 56.1(b). CA respectfully requests that Plaintiff's Counterstatement be rejected pursuant to the Court's Motion Practices, which state that "**Statements submitted to the Court that are not in strict compliance with Local Rule 56.1 shall be rejected.**" <u>See</u> Court's Motion Practices at p. 6 (emphasis in original). Further, CA denies that Additional Statement of Undisputed Fact No. 14 contains a material fact pursuant to Rule 56.1 of the Local Rules.

Subject to and without waiver of the foregoing objection, CA denies that it did not

maintain any records regarding its customers' actual use and/or installation of E/NAT. <u>See</u>

Declaration of Michael D. Schissel in Support of Defendant's Counter-Statement to Plaintiff's

Additional Material Facts in Opposition to Defendant's Motion for Partial Summary Judgment

on Liability on Plaintiff's Claim for Breach of Contract, dated October 1, 2010, Exhs.

A [CA00053974 - 977], B [CA00054019 - 020], C [CA00006850], D [CA00006813],

E [CA0059600 - 602], F [CA0059608 - 610].

## ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACT NO. 15:

CA's own damages expert, Christopher P. Gerardi, calculated royalties owed by CA to
Atlantis based on the sublicenses CA granted to its own customers for the right to use E/NAT
and not based on CA's customers' actual use or installation of E/NAT.  Jensen Decl. Exhs. M
[Expert Report of Christopher P. Gerardi, dated May 8, 2009] & F [Gerardi Dep. at pp. 164-65].

## RESPONSE:

CA objects to Additional Statement of Undisputed Material Fact No. 15 on the grounds

that it violates Local Rule 56.1(b), which permits a party opposing summary judgment to submit

"additional material facts as to which it is contended that there exists a genuine issue to be tried,"

but does not permit a party opposing summary judgment to submit statements of ***undisputed***

material fact in support of its opposition.  Local Rules 56.1(b).  CA respectfully requests that

Plaintiff's Counterstatement be rejected pursuant to the Court's Motion Practices, which state

that "**Statements submitted to the Court that are not in strict compliance with Local Rule**

**56.1 shall be rejected.**"  <u>See</u> Court's Motion Practices at p. 6 (emphasis in original).  Further,

CA denies that Additional Statement of Undisputed Fact No. 15 contains a material fact pursuant

to Rule 56.1 of the Local Rules.

CA denies this characterization of the Expert Report of Christopher P. Gerardi, dated

May 8, 2009, and refers the Court to the report for Mr. Gerardi's conclusions.  See Jensen Decl.

Exh. M [Expert Report of Christopher P. Gerardi, dated May 8, 2009].

Dated:    New York, New York
          October 1, 2010

                                        ARNOLD & PORTER LLP


                                        By:  _____
                                            Michael D. Schissel
                                            Pamela A. Miller
                                            399 Park Avenue
                                            New York, New York  10022
                                            Tel: (212) 715-1000
                                            Fax: (212) 715-1399

                                            John P. McEntee
                                            FARRELL FRITZ, P.C.
                                            1320 RXR Plaza
                                            Uniondale, New York  11556-1320
                                            Tel:  (516) 227-0700
                                            Fax:  (516) 227-0777

                                            *Attorneys for Defendant CA, Inc.*