Michael D. Schissel (MS 1469)
Pamela A. Miller (PM 9886)
Arnold & Porter, LLP
399 Park Avenue
New York, New York 10022
(212) 715-1000

John P. McEntee
Farrell Fritz, P.C.
1320 RXR Plaza
Uniondale, NY 11556
(516) 227-0700

*Attorneys for CA, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATLANTIS INFORMATION TECHNOLOGY, GmbH,<br><br>Plaintiff-Counterclaim Defendant,<br><br>- against -<br><br>CA, INC.,<br><br>Defendant-Counterclaim Plaintiff. | Docket No. 06-CV-3921 (JS-WDW) |

### DEFENDANT CA, INC.'S SECOND REVISED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.3 and 26.7 of the Local Civil Rules of the Court, Defendant CA, Inc. ("CA") hereby responds and objects to Plaintiff's Second Set of Interrogatories, dated September 25, 2009 ("Interrogatories"), as follows:

### GENERAL OBJECTIONS

The following General Objections apply to each of the Interrogatories and are incorporated

into each and every specific response and objection as if fully set forth therein.

1. CA objects to the Interrogatories, and each and every instruction and definition therein, to the extent that they seek to impose burdens and obligations on CA that exceed those imposed under the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of New York.

2. CA objects to the Interrogatories, and each and every instruction and definition therein, to the extent that they may be construed as calling for the disclosure of documents or information subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. Inadvertent disclosure of any information subject to such privileges or immunities is not intended to relinquish any such privilege or immunity and shall not constitute a waiver of any such privilege or immunity.

3. CA objects to the Interrogatories, and each and every instruction and definition therein, to the extent that they seek the disclosure of information that contains confidential, financial, trade secrets or other proprietary information.

4. CA objects to the Interrogatories, and each and every instruction and definition therein, to the extent that they seek information not reasonably calculated to lead to the discovery of relevant or admissible evidence in this action.

5. CA objects to the Interrogatories, and each and every instruction and definition therein, to the extent that they: (a) are overly broad; (b) impose undue burdens that outweigh any probative value the information may have in this action; and/or (c) are impermissibly vague, ambiguous, or otherwise fail to describe with reasonable particularity the information sought.

6. CA objects to the Interrogatories, and each and every instruction and definition

therein, to the extent that they seek information: (a) already in Plaintiff's possession, custody or control; (b) as readily accessible to Plaintiff as to CA; (c) not maintained by CA in its normal course of business; and/or (d) no longer available to CA.

7. CA objects to the Interrogatories, and each and every instruction and definition therein, to the extent that they call for information that may be obtained from a source that is more convenient, less burdensome or less expensive; or otherwise impose upon CA a vexatious and undue burden, are oppressive, or intended to harass CA.

8. CA objects to the Interrogatories, and each and every instruction and definition therein, to the extent they seek information in the possession, custody, and control of persons other than CA.

9. CA objects to the Interrogatories, and each and every instruction and definition therein, to the extent that they are unreasonably cumulative and duplicative.

10. CA objects to the time frame of the Interrogatories to the extent they seek information outside the relevant time period. CA's answers are limited to the period ending December 31, 2008.

11. CA reserves the right to challenge the competency, relevance, materiality and admissibility at the trial or any subsequent proceeding of any information or document it identifies or produces in response to these Interrogatories. Documents identified or produced do not constitute an admission by CA that such information is relevant or material to this action, or that the related Interrogatory is proper or seeks information within the proper bounds of discovery, or that other Interrogatories for similar information will be treated in a similar fashion.

12. CA's Responses and Objections to the Interrogatories are based on CA's present knowledge, information and belief. CA expressly reserves the right to alter, modify,

supplement or amend any response or otherwise present evidence later discovered or the significance of which is learned subsequent to the date of these responses.

## INTERROGATORIES

### INTERROGATORY NO. 1:

1. For each version, update, bug-fix, maintenance release, point release and point-point release (collectively, "version") of Endevor developed by or for CA from 1997 to the present, identify:
   (a) the version number;
   (b) the date of release of the version;
   (c) the changes in functionality and features from the prior version of Endevor, if any;
   (d) the date the version was provided to ATLANTIS;
   (e) the person who sent the version to ATLANTIS;
   (f) the date a "beta status" version of the version, as referenced in section 4.1 of the SLA, was provided to ATLANTIS;
   (g) the person who sent the "beta status" version of the version to ATLANTIS; and
   (h) all documents, by reference to Bates-number, read, reviewed, consulted, referred to or relied upon to provide responses to subparts (a) through (g) of this specific interrogatory for each version of Endevor.

### RESPONSE TO INTERROGATORY NO. 1:

CA objects to this Interrogatory as vague, ambiguous, overly broad and unduly burdensome. Notwithstanding and subject to the foregoing objections, in response to subsections (a) through (c) and (h), CA refers Plaintiff to CA Endevor Software Change Manager (SCM) Enhancements, dated May 2009, to be produced in response to Plaintiff's Second Set of Document Requests to Defendant.

CA further responds in response to subsections (d) through (g) that it notified all Endevor end users when a new version of Endevor was available for use. By way of example, notifications of Beta and GA releases were posted on support.ca.com. Once end users were notified of such releases, it was incumbent upon those end users to request a copy of the upgraded versions. Documents reflecting such announcements will be produced

in response to Plaintiff's Second Set of Document Requests to Defendant.

**INTERROGATORY NO. 2:**

2. For each instance where ATLANTIS allegedly failed to enhance and update E/NAT to ensure the version of E/NAT supplied to CA included all new releases and functionality made available to ATLANTIS's other distributors or direct customers of E/NAT or any other comparable software products marketed by ATLANTIS, identify:
  (a) the date of such failure;
  (b) the date and under what circumstances CA became aware of such failure;
  (c) the specific version of E/NAT or name of the comparable software provided to a distributor or direct customer of ATLANTIS;
  (d) the distributor or direct customer of ATLANTIS to whom the software was provided;
  (e) the specific software functionality or enhancement made available to the distributor or direct customer of ATLANTIS that was not made available to CA; and
  (f) all documents, by reference to Bates-number, read, reviewed, consulted, referred to or relied upon to provide responses to subparts (a) through (e) of this specific interrogatory for each alleged failure.

**RESPONSE TO INTERROGATORY NO. 2:**

CA objects to this Interrogatory as vague, ambiguous, overly broad and unduly burdensome. CA further objects to this Interrogatory on the grounds that it seeks information already in Plaintiff's possession, custody or control. In fact, this Interrogatory cannot be answered until *after* Atlantis produces documents in response to CA's Third Request for the Production of Documents because, at this point, CA does not know what "releases and functionality [were] made available to Atlantis's other distributors or direct customers."

**INTERROGATORY NO. 3:**

3. For each instance where ATLANTIS allegedly failed to enhance and update E/NAT to ensure the version of E/NAT supplied to CA included all modifications necessary to support new versions of Endevor, identify:
  (a) the date of such failure;
  (b) the date and under what circumstances CA became aware of such failure;
  (c) the specific version of Endevor the failure concerned;

        (d)       the specific modifications that were not made to E/NAT;

        (e)       all documents, by reference to Bates-number, read, reviewed, consulted, referred to or relied upon to provide responses to subparts (a) through (d) of this specific interrogatory for each alleged failure.

**RESPONSE TO INTERROGATORY NO. 3:**

CA objects to this Interrogatory as vague, ambiguous, overly broad and unduly burdensome. CA further objects to this Interrogatory because information responsive to this Interrogatory is contained in the documents that have been produced in this case. Information contained in those documents will not be repeated here.

Notwithstanding and subject to the foregoing objections, CA responds that Plaintiff agreed to "continuously enhance and update the Product to ensure that the Product supplied to CA will include . . . (ii) all modifications necessary to support new versions of the CA Software on the MVS Operating Environment." On each of the following dates, CA released a new version of Endevor: July 2000, December 2002, September 2003, July 2004, February 2005, September 2005, and June 2006. Atlantis failed to update E/NAT to support versions of Endevor released on each of these dates. Many of these failures are outlined in documents already produced in this case and are not repeated here. However, certain failures can be discussed generally without resort to documents, as follows:

First, Release 3.8 (in July 1998) included an Application Programming Interface (API). This feature allowed any third party software developer (including Atlantis) to use a standard and published protocol to interact with Endevor. The API interface was enhanced in Endevor releases in July 2000, December 2002, July 2004, February 2005, June 2006, October 2007, May 2008 and October 2008. At no time between July 1998 and the termination of the relationship did Atlantis release a version of E/NAT that allowed E/NAT to integrate with Endevor's API.

-6-

Second, enhancements to Endevor in July 2000 made it possible to display selection lists for information and also to verify Endevor requirements for execution of an action through the then newly-available API. Atlantis never developed enhancements to E/NAT to take advantage of these enhancements to Endevor.

Third, in December 2002, the Endevor API was enhanced to allow a complete list and execution of Package Commands. Atlantis never developed enhancements to E/NAT to take advantage of these commands.

Fourth, E/NAT never provided the ability to execute Endevor actions in real-time from the Natural environment.

Fifth, Atlantis never provided an enhancement to deliver a QuickEdit option similar to that which exists for Endevor.

Sixth, Endevor 4.0 included a functionality that allowed Endevor to store "long names" in its own data tables. Atlantis never made use of that capability, and instead continued to store data in its own custom built translation table.

Seventh, E/NAT never provided the capability to execute package shipment from within the Natural environment.

Eighth, E/NAT never provided the capability to move without rebuilding the application in the target environment.

**INTERROGATORY NO. 4:**

    4    With respect to damages suffered by CA as a result of ATLANTIS's alleged breach of its contractual requirements under the SLA, as set forth in paragraphs 76 and 83 of CA's Counterclaim, identify:
        (a)    by category and dollar amount, all such damages, including without limitation any alleged lost license fees, software development expenses or disruption to customer relationships;

      (b)      the basis, legal and factual, for all damages identified in response to subsection (a) of this interrogatory; and

      (c)      all documents, by reference to Bates-number, read, reviewed, consulted, referred to or relied upon to provide responses to subparts (a) through (b) of this specific interrogatory for each claim of damages.

**RESPONSE TO INTERROGATORY NO. 4:**

CA objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome. CA further objects to this Interrogatory on the grounds that it is premature. CA will provide information concerning the damages that it incurred in the form of an expert report to be provided consistent with the Amended Scheduling Order, dated September 14, 2009.

**INTERROGATORY NO. 5:**

5.     State whether you claim ATLANTIS was required to develop and provide to CA a version 3.0 of E/NAT, and if your answer is anything other than an unqualified denial, state the legal and factual basis of such claim.

**RESPONSE TO INTERROGATORY NO. 5:**

CA objects to this Interrogatory on the grounds that it is vague and ambiguous. CA further objects to this Interrogatory on the grounds that it requires a legal conclusion and seeks information that is subject to the attorney-client and work product privileges. CA refers to its Amended Answer and Counterclaim for a statement of the claims CA is asserting against Atlantis.

**INTERROGATORY NO. 6:**

6.     Identify all documents, by reference to Bates-number, read, reviewed, consulted, referred to or relied upon to provide responses to Interrogatory No. 5 herein.

**RESPONSE TO INTERROGATORY NO. 6:**

*See* Response to Interrogatory No. 5.

**INTERROGATORY NO. 7:**

7. State whether you claim the Settlement Agreement did not release ATLANTIS from all claims relating to, concerning or arising under section 2.4 of the SLA, whether known or unknown, prior to December 12, 2004, and if your answer is anything other than an unqualified denial, state the legal and factual basis of such claim.

**RESPONSE TO INTERROGATORY NO. 7:**

CA objects to this Interrogatory on the grounds that it is vague and ambiguous. CA further objects to this Interrogatory on the grounds that it requires a legal conclusion and seeks information that is subject to the attorney-client and work product privileges.

**INTERROGATORY NO. 8:**

8. Identify all documents, by reference to Bates-number, read, reviewed, consulted, referred to or relied upon to provide responses to Interrogatory No. 7 herein.

**RESPONSE TO INTERROGATORY NO. 8:**

*See* Response to Interrogatory No. 7.

**INTERROGATORY NO. 9:**

9. Identify all persons with whom you consulted, upon whom you relied, or who otherwise constituted a source of information in connection with the preparation of your responses to these interrogatories, and for each said person, specify which interrogatories the person answered or assisted in answering.

**RESPONSE TO INTERROGATORY NO. 9:**

CA objects to this Interrogatory on the grounds that it seeks information that is subject to the attorney-client and work product privileges. Subject to that Objection, CA responds that it consulted with John Dueckman with respect to Interrogatory Nos. 1 and 3.

Dated: New York, New York
December 15, 2009

ARNOLD & PORTER LLP

By: _____
Michael D. Schissel (MS 1469)
Pamela A. Miller (PM 9886)
399 Park Avenue
New York, New York 10022
(212) 715-1000

John P. McEntee
Farrell Fritz, P.C.
1320 RXR Plaza
Uniondale, NY 11556
(516) 227-0700

*Attorneys for CA, Inc.*

## VERIFICATION

I, John Dueckman, declare that I am a representative of Defendant CA, Inc. in the action entitled *Atlantis Information Technology, GmbH v. CA, Inc.*, No. 06-CV-3921 (E.D.N.Y.) (ADS). I have read the foregoing Second Revised Responses and Objections to Plaintiff's Second Set of Interrogatories Nos. 1 and 3, and know the contents thereof. I state under oath that the factual responses to Interrogatories Nos. 1 and 3 are true and accurate to the best of my knowledge, information and belief.

Executed on December 15, 2009 at State of New York, County of Suffolk.

By: [signature]

Title: SENIOR PRINCIPAL PRODUCT MANAGER

For: CA, Inc.